```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
                    NORTHEASTERN DIVISION
```

ELIZABETH HOPSON, Personal              )
Representative for Alfonzo Hopson,      )
deceased,                               )
                                        )
       Plaintiff,                       )
                                        )
vs.                                     )   Civil Action No. CV-03-S-2910-NE
                                        )
CITY OF HUNTSVILLE,                     )
ALABAMA, et al.,                        )
                                        )
       Defendants.                      )

## MEMORANDUM OPINION

Plaintiff originally filed suit in the Circuit Court of Madison County, Alabama, on September 23, 2003, naming the City of Huntsville, Alabama ("the city") and Gary Trampas ("Officer Trampas"), a police officer for the city, as defendants to her claims.[1] She asserted claims of negligence and outrageous conduct against both defendants, based on circumstances surrounding her traffic stop and subsequent arrest by Officer Trampas on September 21, 2001. At the time of the traffic stop, plaintiff was driving her sick husband, Alfonso Hopson, to the hospital. Mr. Hopson died as a result of the illness he suffered that day. Plaintiff alleges that the delay and stress caused by the traffic stop and arrest worsened her husband's condition and even caused his death.

---

[1] *See* original complaint, appended to Notice of Removal (doc. no. 1).



Defendants removed the case to this court on October 27, 2003, on the basis of federal question jurisdiction. *See* 28 U.S.C. § 1331. Defendants asserted that plaintiff stated a federal claim for violation of due process rights guaranteed by the United States Constitution when she alleged that defendants "deprived [her husband] of his personal liberty without due process."[2] Due to concerns regarding its ability to exercise federal question jurisdiction over plaintiff's claims, the court ordered plaintiff to file an amended complaint by November 13, 2003, more clearly setting forth any federal claims she wished to assert.[3] Plaintiff responded by filing an "Amendment One to Complaint," and stating a separate claim for "Deprivation of Personal Liberty" under the Fourth and Fourteenth Amendments to the United States Constitution.[4]

Plaintiff later moved to amend her complaint a second time, for the purpose of adding Kevin Newby, another police officer for the city, as a party defendant.[5] The court granted plaintiff's motion, and ordered plaintiff to file a second amended complaint encompassing all claims she wished to assert against all defendants, and not incorporating any of her prior pleadings.[6] Plaintiff complied on April 14, 2004.[7] The claims asserted in plaintiff's second amended complaint were identical in substance

---

[2]*See* doc. no. 1 (Notice of Removal).
[3]Doc. no. 6.
[4]Doc. no. 7.
[5]Doc. no. 13.
[6]Doc. no. 14.
[7]Doc. no. 16.

to the claims asserted in her original and first amended complaints, except that all claims in the second amended complaint were asserted against defendant Kevin Newby, as well as against the city and Officer Trampas.[8]

The federal claim in plaintiff's second amended complaint, which is entitled "Deprivation of Personal Liberty," states as follows:

> 22. Plaintiff avers that Defendants' [sic] unlawfully detained her husband for more than 2 ½ hours, thereby depriving him of urgently needed medical evaluation and treatment, and thereby depriving him of his personal liberty. Plaintiff further avers that said detention proximately contributed to, or caused his death.
>
> 23. Plaintiff further avers that the aforesaid detention of Plaintiff's husband violated clearly established Constitutional and statutory rights, to wit: the Constitutionally protected rights guaranteed by the Fourth and/or the Fourteenth Amendment to the United States Constitution and the statutory rights set forth in *Code of Alabama, Title 6-5-170*.
>
> 24. Plaintiff further avers that Defendants acted in the line of duty, but beyond their discretionary authority, and with neglect, carelessness, and unskillfulness in their commission of the aforesaid acts. Plaintiff further avers that the Defendants acted willfully, intentionally, outrageously, recklessly, and/or with wanton disregard for human life.
>
> 25. Plaintiff further avers that as the proximate consequence of said unlawful acts by the Defendants that she was caused to suffer as stated hereinabove; and that she is due to recover compensatory and punitive damages for her deceased husband.[9]

Officer Trampas and the city each filed a motion for partial judgment on the

---

[8] Kevin Newby has yet to enter an appearance in this action, most likely because the court file reflects that plaintiff has not yet served him with a copy of her second amended complaint, in which he first was made a party.

[9] Doc. no. 16 (second amended complaint), at ¶¶ 22-25.

pleadings on May 27, 2004.[10] Plaintiff failed to file a response to either defendant's motion within the time period required by Section IV(A)(1) of the Initial Order Governing All Further Proceedings ("Initial Order") that was entered in this action on October 31, 2003.[11] Accordingly, the court ordered plaintiff to show cause by June

---

[10]*See* doc. nos. 17 & 18.

[11]*See* Initial Order (doc. no. 2). The pertinent section of the Initial Order reads as follows:

> A non-moving party *must file* a written response to any of the following motions *within ten (10) days* of the date on which the motion is *filed* (*not* served): (1) Motions filed under Fed. R. Civ. P. 12; (2) Motions to quash service of process; (3) Motions to remand or transfer venue; (4) Motions to compel arbitration; (5) Motions to intervene; (6) Motions to compel discovery; (7) Motions to quash a subpoena, a subpoena *duces tecum*, or deposition notice; (8) Motions for protective orders; (9) Motions for sanctions; and (10) Motions for leave to amend complaint.
>
> ***Nota bene:*** **In the event a non-moving party fails to file a written response to any of the foregoing motions within the time allowed for doing so, *the court will assume, without further notice, that the non-responding party has no opposition to the motion and rule accordingly.***

*Id.* (emphasis in original). Defendants both filed their motions for partial judgment on the pleadings on May 27, 2004. *See* doc. nos. 17 & 18. Thus, a response was due on June 11, 2004, ten business days later. *See* Federal Rule of Civil Procedure 6(a), providing that:

> **(a) Computation.** In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

24, 2004, why both motions for partial judgment on the pleadings should not be granted.[12] Plaintiff filed a response to the show cause order within the court-imposed deadline, stating that she failed to respond to defendants' motions for partial judgment on the pleadings because her attorney never received a copy of the motions.[13] Plaintiff also requested a third opportunity to amend her complaint in order to correct the deficiencies alleged in defendants' motions. Subsequently, on July 6, 2004, Officer Trampas and the city each filed a motion for summary judgment on all of plaintiff's claims.[14] Those motions for summary judgment, as well as both defendants' previously filed motions for partial judgment on the pleadings, presently are before the court.

## I. STANDARD OF REVIEW

### A. Motions For Partial Judgment On The Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides, in part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."[15]

---

[12]*See* doc. no. 22.
[13]*See* doc. no. 23.
[14]Doc. nos. 24 & 25.
[15]In full text, the rule reads as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present

"Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty National Life Insurance Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001) (internal marks omitted)). Stated differently, "[j]udgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). When reviewing such a motion, the court is required to accept the facts alleged in the complaint as true, and to view them in the light most favorable to the nonmoving party. *Swerdloff v. Miami National Bank*, 584 F.2d 54, 57 (5th Cir. 1978).

### B.    Motions For Summary Judgment

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but also that it "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make

---

all material made pertinent to such a motion by Rule 56.
Fed. R. Civ. P. 12(c).

a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc). The motion pierces the pleadings, and "strikes at the heart of the claim. In effect it argues that as a matter of law upon admitted or established facts the moving party is entitled to prevail." Charles Alan Wright, *The Law of Federal Courts* § 99, at 705 (5th ed. 1994).

## II. DISCUSSION

Officer Trampas and the city argue that judgment on the pleadings should be granted on plaintiff's federal claims because: (1) those claims are brought directly under the United States Constitution, rather than pursuant to 42 U.S.C. § 1983; (2)

plaintiff failed to allege, pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), that defendants' violations were the result of a "policy" or "custom" of the city; and, (3) to the extent plaintiff has attempted to state a claim under the Fifth Amendment to the United States Constitution, no such claim can be maintained against defendants as state actors.

Each of defendants' points is well-taken. Indeed, it is well-established that claims for constitutional violations may not be brought directly under the United States Constitution. *See, e.g., Williams v. Bennett,* 689 F.2d 1370, 1390 (11th Cir. 1982); *Griffin v. City of Clanton, Alabama,* 932 F. Supp. 1359, 1365 (M.D. Ala. 1996). Rather, a plaintiff must bring constitutional claims pursuant to 42 U.S.C. § 1983. *See, e.g., Griffin,* 932 F. Supp. at 1365; *Seacoast Sanitation Limited, Inc. v. Broward County,* 275 F. Supp. 2d 1370, 1375 (S.D. Fla. 2003) (citing *City of Hialeah v. Rojas,* 311 F.3d 1096, 1103 n.1 (11th Cir. 2002); *Azul-Pacifico, Inc. v. City of Los Angeles,* 973 F.2d 704, 705 (9th Cir. 1992)). Plaintiff's second amended complaint fails to mention 42 U.S.C. § 1983. Thus, her constitutional claims were not properly pled.

Further, the Supreme Court held in *Monell* that a municipality may not be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*: in other words, "a municipality cannot be held liable solely because it employs a tortfeasor." *Monell,* 436

U.S. at 691, 98 S. Ct. at 2036.[16] Instead, a municipality or county may be held accountable in damages for the conduct of a particular governmental actor only when the plaintiff shows that execution of the local governmental entity's official "policy"[17] or "custom"[18] effectively was the cause of the injury complained of. *Id.* at 694, 98 S. Ct. at 2037-38. Plaintiff's second amended complaint fails to mention any "policy" or "custom" of the city which allegedly caused her injuries.

Finally, it is well-established that the Fifth Amendment applies only to the actions of the federal government, not to the actions of state governments. *See, e.g., Anthony v. Franklin County,* 799 F.2d 681, 684 n.1 (11th Cir. 1986). It does not appear to the court that plaintiff has attempted to assert a Fifth Amendment claim. However, if she had asserted such a claim, the claim would fail because no defendant

---

[16] *Respondeat superior* is a Latin phrase meaning "let the master answer," and it often is used to describe a doctrine imposing liability on one person for the actionable conduct of another, based solely on a relationship between the two persons; thus, liability in common law tort and contract actions often may be imputed to employers for the actions of their employees. *See generally* Black's Law Dictionary 1313 (7th ed. 1999), defining *respondeat superior* as: "The doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." *See also* W. Page Keeton *et al.*, The Law of Torts § 69, at 500 (5th ed. 1984), observing that:

> Most courts have made little or no effort to explain the result, and have taken refuge in rather empty phrases, such as "he who does a thing through another does it himself," or the endlessly repeated formula of "respondeat superior," which in itself means nothing more than "look to the man higher up."

[17] The Eleventh Circuit has defined a policy as "a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton,* 117 F.3d 488, 489 (11th Cir. 1997) (citing *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1479-80 (11th Cir. 1991)).

[18] "A custom is a practice that is so settled and permanent that it takes on the force of law." *Sewell,* 117 F.3d at 489 (citing *Monell,* 436 U.S. at 690-91, 98 S. Ct. at 2035-36).

named herein is a federal actor.

Despite the strength of defendants' arguments, the deficiencies defendants highlight amount to little more than technical pleading errors, which could easily be cured by an amendment to plaintiff's complaint. The Eleventh Circuit has held that a trial court should allow a plaintiff an opportunity to amend her complaint, rather than dismissing the complaint, when "a more carefully drafted complaint might state a claim upon which relief could be granted." *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995). Of course, plaintiff already has twice amended her original complaint. Even so, neither of the prior amendments occurred in response to the arguments raised by defendants in their motions for partial judgment on the pleadings. Thus, the court concludes that plaintiff should be allowed one, *final* opportunity to amend her complaint in order to correct the deficiencies alleged by defendants.

With all the above in mind, the court notes that the deadline for adding causes of action, defenses, and parties in this action expired several months ago, in March of 2004.[19] This litigation has progressed far too long for additional parties or causes of action to be added at this time. Thus, the scope of any further amendments plaintiff makes *must* be limited solely and exclusively to correcting the deficiencies alleged in defendants' motions for partial judgment on the pleadings. Any amendments that do not address one of the following issues will be stricken: (1) that constitutional claims

---

[19]*See* doc. no. 12 (Scheduling Order).

must be brought pursuant to 42 U.S.C. § 1983, rather than directly under the United States Constitution; (2) that plaintiff must allege that defendants' violations were the result of a "policy" or "custom" of the city; and (3) that Fifth Amendment claims may only be maintained against federal actors. Plaintiff also will not be allowed to make amendments to her complaint for the purpose of correcting any of the deficiencies raised in defendants' motions for summary judgment. Plaintiff is expected to *strictly* abide by the above limitations.

### III. CONCLUSION

Based on the foregoing, defendants' respective motions for partial judgment on the pleadings will be denied, and plaintiff will be allowed a third, and *final*, opportunity to amend her complaint. If plaintiff files a third amended complaint by the court-imposed deadline, defendants will be allowed an opportunity to refile their motions for partial judgment on the pleadings. Further, because plaintiff's third amended complaint will completely supersede all of her prior pleadings, *see Varnes v. Local 91, Glass Bottle Blowers Association,* 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) (citing *Wilson v. First Houston Investment Corp.,* 566 F.2d 1235, 1238 (5th Cir. 1978)), the court need not consider defendants' motions for summary judgment on the claims alleged in the *second* amended complaint. Thus, defendants' motions for summary judgment will be denied without prejudice to defendants' rights to either renew the motions if plaintiff fails to file a third amended complaint, or, if plaintiff

does file a third amended complaint, to refile the motions based on the claims alleged in that complaint.[20]

An appropriate order will be entered contemporaneously herewith.

DONE this 15th day of July, 2004.

/s/ [signature]
United States District Judge

---

[20]The court acknowledges that the deadline for filing dispositive motions also has passed. *See* Scheduling Order (doc. no. 12), at ¶ 3 (establishing July 5, 2004 as the deadline for filing dispositive motions). An exception to the scheduling order will be allowed, in order to allow defendant to file a motion for summary judgment in accordance with the analysis set forth in this memorandum opinion. Defendants must file all dispositive motions before the deadline established in the order accompanying this memorandum opinion.